UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHALAN DAVID N.M.,[1]

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY
CORRECTIONAL CENTER, et al.,

Respondents.

No. 2:26-cv-01270-TLN-AC

A # 244-132-736

**ORDER**

This matter is before the Court on Petitioner Johalan David N.M.'s ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Respondents filed a return with supplemental documents.  (ECF Nos. 7, 8, 9.)  Petitioner replied.[2]  (ECF No. 14.)  For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2]    The Court GRANTS Petitioner's Request to Extend the Deadline for Reply.  (ECF No. 13.)  Under Federal Rule of Civil Procedure 6(b)(1)(A), a court may extend a filing deadline for good cause upon a motion before the time expires.  Prior to the deadline, Petitioner's newly court-appointed counsel filed a request to extend the deadline for reply by one day to obtain additional information as to the issues presented in the Petition.  (ECF No. 13.)  The Court finds good cause for a short extension and accepts Petitioner's reply as timely filed.

1

### I.    FACTUAL BACKGROUND

The instant action arises from Petitioner's civil immigration detention without notice or a hearing.  (*See* ECF No. 1.)  On August 7, 2023, Petitioner was paroled into the United States as an asylum applicant through the CBP One application process.  (ECF No. 1 at 4, 52; ECF No. 7 at 19; ECF No. 8 at 9.)  After entering the country, Petitioner applied for asylum and his application is still pending with the government.  (ECF No. 1 at 4, 49.)

Over nearly three years, Petitioner established a life in the United States.  He lives with his partner and two young daughters, ages five and seven.  (*Id.* at 2.)  Petitioner obtained employment authorization (valid through 2029) and found gainful employment as a delivery driver.  (*Id.* at 5, 16–20.)  Petitioner is the sole financial provider for his family, who is experiencing economic hardship in his absence.  (*Id.* at 2.)

On January 3, 2026, Petitioner was arrested for what Petitioner asserts was a "self-checkout scanning error at Walmart, an incident misinterpreted as theft."  (*Id.* at 1.)  Petitioner maintains it was an honest and unintentional error and he had no intent to steal merchandise.  (*Id.* at 5).  However, local authorities charged Petitioner with petit theft under Florida Code § 812.014(3)(a).  (ECF No. 7 at 34.)  Petitioner did not enter a plea; instead, he entered into a deferred prosecution agreement.  (*Id.*)  Petitioner's restitution is $56.16.  (ECF No. 14 at 2.)

Petitioner has no other criminal history. (ECF No. 1 at 2; ECF No. 7 at 22–26, 31.)  Additionally, there is no order of removal for Petitioner.  (ECF No. 1 at 4, 14–15.)

Nevertheless, on January 7, 2026, after entering into the deferred prosecution agreement, U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody.  (ECF No. 7 at 31, 34; ECF No. 8 at 4.)

Petitioner has now been detained for nearly six months.  (ECF No. 1 at 6.)  In that time, Respondents have never provided Petitioner with any hearing as to his detention, despite Petitioner requesting a hearing in writing.  (*Id.* at 2; ECF No. 8 at 4.)  Indeed, on March 12, 2026, an immigration judge denied Petitioner a custody hearing for lack of jurisdiction.  (ECF No. 7 at 38–39.)  Petitioner now challenges the lawfulness of his civil detention and seeks immediate release.  (ECF No. 1.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    ANALYSIS

Petitioner claims his detention without a hearing violates the Fifth Amendment Due Process Clause.[3] (ECF No. 1 at 8.) In opposition, Respondents claim Petitioner is subject to mandatory detention without a hearing under 8 U.S.C. §§ 1225(b)(1) (as an "applicant for admission") and 1226(c)(1)(E) because he was charged with petit theft. (ECF No. 5 at 2–4.) In reply, Petitioner challenges the constitutionality of his mandatory detention without any conviction or any individualized finding of dangerousness or flight risk. (ECF No. 14 at 10–11.)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there

---

[3]    Petitioner also claims his detention violates the Immigration and Nationality Act ("INA"). (ECF No. 1 at 7.) Finding relief warranted under Petitioner's procedural due process claim, the Court need not assess Petitioner's INA claim in favor of judicial economy.

exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A. Liberty Interest

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025). Liberty interest may be strengthened over time. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Here, Petitioner gained a protected liberty interest in his continued freedom when he was released on parole in August 2023 and that liberty interest was strengthened over time. (ECF No. 9 at 4.) As this Court and numerous other courts have concluded, individuals who have been released from immigration custody have a protected liberty interest in remaining out of custody. *See, e.g.*, *Acosta v. Warden of the Golden State Annex Detention Facility*, No. 1:26-cv-00530-TLN-EFB, 2026 WL 350831, at *3 (E.D. Cal. Feb. 9, 2026); *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (citing cases).

In opposition, Respondents argue Petitioner has no such liberty interest because he is (1) subject to mandatory detention, without a bond hearing, under § 1225(b)(1), (2) subject to mandatory detention, without a bond hearing, under § 1226(c), and (3) Petitioner has "only those rights regarding admission that Congress has provided by statute." (ECF No. 7 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020)).)

First, this Court has repeatedly rejected Respondents' arguments as to § 1225(b)(1) for

4

noncitizens like Petitioner who were paroled into the United States and lived at liberty for years prior to re-detention. *See, e.g.*, *Juan Carlos V.B. v. Chestnut*, No. 1:26-CV-03077-TLN-SCR, 2026 WL 1224238, at *2 (E.D. Cal. May 5, 2026); *Maikel C.G. v. Warden of Cal. City Det. Facility*, No. 1:26-CV-03051-TLN-SCR, 2026 WL 1328584, at *3 (E.D. Cal. May 13, 2026). Indeed, Respondents acknowledge "this Court has previously applied §1226(a) rather than § 1225(b) in similar circumstances." (ECF No. 7 at 4.)  Without any new argument or authority, this Court declines to reconsider its position and finds Petitioner is not subject to mandatory detention under § 1225(b)(1).

Second, Respondents argue Petitioner is subject to mandatory detention under § 1226(c)(1)(E) because he was charged with petit theft and entered into a deferred prosecution agreement.  (ECF No. 7 at 8–10.)  Section 1226(c) provides mandatory detention of a noncitizen if the noncitizen "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]"  8 U.S.C. § 1226(c)(1)(E)(ii).  However, requiring mandatory detention for a mere arrest where prosecutors declined to press charges, or for charges later resolved by acquittal or dismissal, raises serious due process concerns.  *Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (noting the same).  To find otherwise would permit ICE to detain a noncitizen without process, "even if he is acquitted of [a charged] crime or the government voluntarily dismisses the charges." *Carlos R.R. v. Bondi*, No. 26-cv-1282, 2026 WL 1045254, at *6 (D. Minn. Feb. 23, 2026).  For that reason, courts have construed § 1226(c) to apply only where the noncitizen is currently charged with or arrested for the crimes listed in the statute.  *Id.*; *see also Helbrum v. Williams Olson*, No. 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025) (noting § 1226(c) "no longer requires mandatory detention when charges are resolved via acquittal or dismissal and none of the other clauses apply").)  Indeed, Respondents acknowledge these authorities but seek to distinguish Petitioner, here, because he has entered into a deferred prosecution agreement and "his charge has not been dismissed *yet*."  (ECF No. 7 at 10 (emphasis added).)  Petitioner has

maintained his innocence from the time he was arrested, he entered into a deferred prosecution agreement for first-time offenders — an agreement with the prosecutor to dismiss his charge upon compliance with certain conditions — the prosecutor has entered the agreement into the record and closed the case, thus, Petitioner will not receive the full procedures and protections of the criminal justice system as to his charge.  (ECF No. 7 at 34; ECF No. 14 at 2.)  Moreover, Petitioner is almost certainly prevented from completing the requirements of his deferred prosecution agreement while he is in custody.  To require Petitioner to complete the conditions of the deferred prosecution agreement before providing him due process, while preventing him from doing so, is absurd.  Local authorities are exercising their discretion not to prosecute Petitioner's criminal case, thus, the Court is not persuaded that § 1226(c) mandates Petitioner's detention. Certainly it does not unilaterally deprive Petitioner of his liberty without due process protections. *See Jose G.M.L. v. Warden of Golden State Annex,* No. 1:26-CV-00047-TLN-EFB, 2026 WL 472987, at *3 (E.D. Cal. Feb. 19, 2026).

Finally, Respondents argue, under *Thuraissigiam*, Petitioner is only entitled to the process provided by statute (§§ 1225(b) and 1226(c)), which Respondents argue does not provide for a hearing.  591 U.S. at 140.  However, "*Thuraissigiam*'s discussion of due process is necessarily constrained to challenges to admissibility to the United States" and "[t]he Court answered no broader question."  *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1171–72 (W.D. Wash. 2023). *Thuraissigiam* "does not foreclose . . . due process claims which seek to vindicate a right to a bond hearing with certain procedural protections."  *Id.* at 1172.  Moreover, even if Petitioner is removable, or his liberty is revocable, he is still entitled to safeguards throughout those processes. *See Hernandez*, 872 F.3d at 993; *Zadvydas*, 533 U.S. at 693; *Rico-Tapia*, 2025 WL 2950089, at *8.

Accordingly, the foregoing does not change the Court's conclusion that Petitioner retains a liberty interest in his release from immigration detention protected by the Due Process Clause. *See Zadvydas*, 533 U.S. at 690.  The Court next considers what process was owed to Petitioner in depriving him of his liberty.

///

6

B.    Procedures Required

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him. Despite his interest in maintaining his liberty, Petitioner has now been detained for nearly six months without any opportunity to be heard as to the justification of his detention. Petitioner is separated from his family, including two very young daughters, who rely on him. He is also unable to work and provide for his family while in custody. Thus, Petitioner's private interest has been impacted by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly); *Perera v. Jennings* (*Perera II*), 598 F. Supp. 3d 736, 745 (N.D. Cal. 2022) ("Any length of detention implicates the same fundamental liberty interest in remaining free from imprisonment.") (cleaned up) (quoting *Rajnish v. Jennings*, 2020 WL 7626414, at *6 (N.D. Cal. Dec. 22, 2020)).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received adequate process, either pre- or post-detention. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994. There is no final order of removal for Petitioner. Additionally, Respondents do not contend that Petitioner is a danger to the public or a flight risk. (*See* ECF No. 7.) Therefore, the risk that he was detained without

7

proper justification is high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards. Notice and custody determination hearings are routine processes for Respondents. Any delay in detention (if justified) for the time to provide notice and a hearing would have been minimal. Any burden associated with the provision of these processes does not outweigh Petitioner's liberty interest and the risk of erroneous deprivation.

At a minimum, Petitioner was entitled to notice and a hearing to justify his detention. Petitioner was not provided with any notice or a pre- or post-deprivation hearing. Even when requested in writing, an immigration judge denied him an opportunity to be heard. Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1. The Petititon for Writ of Habeas Corpus (ECF No. 1) is GRANTED.[4]

2. Respondents must IMMEDIATELY RELEASE Petitioner Johalan David N.B. (A# 244-132-736) from custody. At the time of release, Respondents must **provide a copy of this Order to Petitioner** and return all of Petitioner's documents and possessions.

3. Respondents must file a **notice of compliance** with this Order **by June 29, 2026**.

4. To avoid further irreparable harm and protect the public interest, Respondents are ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances

---

[4]    Petitioner also seeks an award of attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 1 at 9.) The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.

demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

5. Petitioner's Request to Extend Deadline for Filing of Reply (ECF No. 13) is GRANTED.

6. The Clerk of the Court is directed to serve the **California City Detention Facility** with a copy of this Order.

7. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: June 25, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

9